## BRYAN vs. WALTON.

A writ of error will be dismissed unless prosecuted by the plaintiff in error at the term to which it is returnable by law, or there be providential cause for the failure; and the term to which it is returnable by law, is the first which occurs after the bill of exceptions is filed in the Clerk's office below, unless such first term opens before the expiration of fifteen days from such filing.

Trover, in Houston Superior Court. Decided by Judge Love, at April Term, 1859.

It appears from the record in this case, that the Court below having, at the above named term of said Court, refused to grant a new trial at the instance of the plaintiff in error; his counsel sued out a bill of exceptions, and had the same certified by the Judge on the 4th day of June thereafter, the certificate directing the Clerk to transmit the record of the case "to the Macon Term of the Second District of the Supreme Court." Service of the bill of exceptions was acknowledged by counsel for defendant in error, on the 9th day of June, 1859, and the said bill, with the entry of service thereon, was filed in the Clerk's office two days thereafter, to-wit: June 11th, with instructions to the Clerk to send the record of the case to the Macon January Term, 1860, of the Supreme Court, which was accordingly done. It further appears that the said April Term of Houston Superior Court adjourned on the 6th day of May, 1859.

When the case was called in the Supreme Court on the docket of the January Term, 1860, counsel for defendant in error, brought the foregoing facts to the attention of the Court, and moved to dismiss the writ of error on the ground that the bill of exceptions was filed in the Clerk's office more than fifteen days prior to the June Term, 1859, and the record of the case should have been brought to that term of the Supreme Court.

S. D. KILLEN, for the motion.

J. M. GILES and S. T. BAILEY, *contra*.

*By the Court.*—STEPHENS, J., delivering the opinion.

The amended Constitution of this State declares that the Supreme Court "shall, at each session in each district, dispose of, and finally determine each and every case on the docket of such Court, at the first term after such writ of error is brought; and in case the plaintiff in error in any such case shall not be prepared, at such first term of such Court after error brought, to prosecute the same, unless precluded by some providential cause from such prosecution, it shall be stricken from the docket, and the judgment below shall stand affirmed." The present practice in the Superior, Inferior and Justices' Courts, of returning cases to one term and hearing them at the next, was prevailing when this constitutional provision was adopted, and the intention of the provision was to change that practice as to cases in the Supreme Court, by requiring them to be decided at the *first* term, that is to say, the term to which they might be returnable by the law regulating the manner of bringing cases to the Supreme Court, and to prevent any departure from the rule, except for providential cause. The Act of 1856, regulating the manner of taking cases to the Supreme Court, requires the writ of error to be returned to the first term occurring after the bill of exceptions is filed in the Clerk's office below, unless that term opens before the expiration of fifteen days from such filing. In this case, the bill of exceptions was filed on the 11th day of June, 1859, and the first term of this Court occurring thereafter, opened on the 27th day of the same month—*not* before, but *after* the ex-

piration of fifteen days from the filing. That June Term, therefore, was the term to which this writ of error was returnable by law, and at which the judgment of the Court below stood affirmed by the Constitution, the plaintiff in error not having "prosecuted" the case at that term, and there having been no providential cause for his failure to do so. It was suggested that the case failed to be here at that term, through the fault of the Clerk below, and not through any fault of the plaintiff in error. The *case* was here by law, and the appropriate prosecution of it by the plaintiff in error, would have been an application for process to compel the Clerk below to do his duty of sending the *papers* here. It is with extreme reluctance that we refuse to hear a case on its merits, but in this one, the judgment of the Court below stands affirmed by the Constitution, and we have no power to entertain the writ of error.

Writ of error dismissed.